# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ESCORT INC., an Illinois Corporation, <br>     *Plaintiff*, <br><br> v. <br><br> NOLIMITS ENTERPRISES INC., an Ohio Corporation, <br>     *Defendant*. | CIVIL ACTION NO: <br><br> ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT WITH JURY DEMAND |

Plaintiff Escort Inc. ("Escort") for its Original Complaint for Patent Infringement against Defendant noLimits Enterprises Inc. ("noLimits") would respectfully show the Court as follows:

## NATURE OF THE ACTION AND FACTUAL BACKGROUND

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, et seq., to enjoin and obtain damages resulting from noLimits' unauthorized use, sale, and offer to sell in the United States of products that infringe U.S. Patent No. RE39,038, U.S. Patent No. RE40,653, and U.S. Patent No. 7,576,679 (collectively, the "Asserted Patents").

2. Escort is the industry leader in radar and laser detection technology. It designs and manufactures products with state-of-the-art, award-winning radar technology.

3. Consumers purchase radar and laser detectors to receive a warning when their speed is at risk of being recorded by law enforcement. To maximize the benefit of purchasing a radar and laser detector, consumers look for certain critical features:

    a. *Long Range Effectiveness*. For detection to be useful, the driver must have time to react. Products that detect signals far away give the driver more time to adjust speed.

    b. *GPS and False Alert Filters*. Detectors are not useful if they cannot distinguish between relevant signals emanating from police radars and what the industry calls "false alerts" emanating from other sources, such as sensors used to monitor traffic flow. False alert filters provide the greatest benefit when coupled with auto-learn capabilities, which mark the location of false alerts and suppress them when the driver passes the marked location in the future.

    c. *City and Highway Modes*. Drivers gain additional help in filtering out false alerts if the product has different levels of sensitivity. City mode reduces the radar's sensitivity and thus filters out devices frequently encountered on city streets, such as automatic door openers. Highway mode, in contrast, increases sensitivity for better protection against law enforcement radar at longer range and higher speeds.

4. In other words, consumers want a detector that alerts them to the real threats but is otherwise quiet. Escort has been successful because it understands what consumers want and has patented technology that gives it to them. Escort's patented features include the following:

    a. GPS anti-falsing;

    b. Known frequency anti-falsing;

    c. Mute button controls; and

    d. Capability for users to control alerts based on speed and location.

5. Escort's patented GPS anti-falsing feature determines whether or not to generate an alert based upon the detector's location and at least one other criterion (e.g., signal frequency, signal strength, or vehicle speed).  A detector incorporating the patented technology will generate alerts only for signals that are outside a known false alert location and/or that fail to match another characteristic of the known false alert.  That is, a driver will not be alerted to a signal whose GPS

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT—Page 2**

location and some other characteristic match a known false alert. These location-based controls are critical for maximizing the functionality that consumers most want—i.e. providing alerts to real threats while remaining quiet when other signals are detected. In addition, the features allow a user to mute alerts with a button and set speed or location controls.

6. In 2017, noLimits introduced the Radenso Pro M, which was showcased in the United States at the 2017 SEMA Show held in Las Vegas between October 31 and November 3, 2017. The SEMA Show has been described as "the premier automotive specialty products trade event in the world."

7. Subsequently, noLimits contacted Escort representatives just prior to the Consumer Electronics Show (CES) held from January 9-12, 2018. CES has been described as "the world's gathering place for all who thrive on the business of consumer technologies [serving as] the global stage where next-generation innovations are introduced to the marketplace."

8. It appears that noLimits was attempting to glean information about Escort's then-recently-filed lawsuit against Uniden America Corporation ("Uniden"), currently pending in the Northern District of Texas. Escort's Complaint against Uniden detailed both the Asserted Patents and the features of Uniden's products that infringe the Asserted Patents. Upon information and belief, noLimits recognized that one or more of its products, including the Radenso Pro M, infringed the Asserted Patents.

9. Indeed, if noLimits had performed even a rudimentary inquiry, it would have been apparent that its products practice the inventions of the Asserted Patents.

10. For example, The Radenso Pro M listing touts Escort's patented features:

> *Using GPS, the Pro M remembers common false alerts along your regularly driven routes so you never have to listen to the same false alert twice. Simply press and hold a single button to add a GPS lockout. Additional features include*

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT—Page 3**

*automatic muting below a user-selected speed and automatic sensitivity adjustment based on current speed.*

11. Likewise, the Radenso XP listing touts the following:

    *GPS Lockout capability lets the Radenso XP remember common false alerts along your regularly driven routes so you never have to listen to the same false alert twice. Simply press and hold a button to add GPS lockout. Additional features include automatic muting below a user-selected speed [and] automatic sensitivity adjustment based on current speed.*

12. Both the Radenso Pro M and the Radenso XP (collectively, the "Accused Products") infringe the Asserted Patents. It is no wonder, then, that noLimits became concerned when it learned of Escort's patent infringement lawsuit against Uniden.

13. That noLimits subsequently ignored its infringement rather than takes steps to remedy it is without justification or excuse. noLimits did not even bother to respond to Escort's presuit correspondence, attached hereto as Exhibit 1, which gave noLimits further notice of the Asserted Patents and noLimits' infringement.

14. This presuit notice also gave noLimits formal notice that Escort's corporative relative is the registrant and owner of all rights in multiple registered trademarks that noLimits has also infringed in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125. Although noLimits' trademark infringement is not at issue in this case, it shows a pattern of noLimits' willful conduct and disregard for the intellectual property rights of others.

15. noLimits' silence and inaction is revealing: when offered the opportunity to remedy its infringement without litigation, noLimits instead has continued to willfully infringe Escort's patent rights and damage Escort's business.

16. Escort thus had no choice but to bring this Action to enforce its patent rights, obtain injunctive relief to redress the irreparable harm that noLimits is causing, and be compensated for the damage it has incurred as a result of NoLimits' willful and indefensible infringement.

## THE PARTIES

17. Plaintiff Escort Inc. is an Illinois corporation with a principal place of business at 5440 West Chester Road, West Chester, Ohio 45069.

18. Defendant noLimits Enterprises Inc. is an Ohio corporation with a principal place of business at 1100 Sycamore Street, Floor 1, Cincinnati, OH 45202. noLimits may be served with process via its registered agent Jonathan Dandrow, 3721 Ashworth Drive, Unit D, Cincinnati, OH 45208.

## JURISDICTION AND VENUE

19. This is an action for patent infringement which arises under the patent laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 283, 284 and 285.

20. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

21. This Court has both general and specific personal jurisdiction over noLimits because (1) NoLimits' principal place of business is in this District, (2) noLimits regularly conducts and solicits business in this District, and (3) noLimits derives substantial revenue from goods and services provided to individuals in Ohio and in this Judicial District.

22. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) because noLimits resides in this District.

## CAUSES OF ACTION

### Count One: Infringement of U.S. Patent No. RE39,038

23. Escort incorporates the allegations of paragraphs 1-22 as if fully set forth at this point.

24. The USPTO duly and properly reissued the '038 patent entitled "Method and apparatus for alerting an operator of a motor vehicle to an incoming radar signal" on March 28, 2006. The '038 patent was duly assigned to Escort, which is the assignee of all right, title, and interest in

and to the '038 patent. Escort possesses the exclusive right of recovery for past, present, and future infringement. noLimits infringes the '038 patent's valid and enforceable claims. A true and correct copy of the '038 patent is attached hereto as Exhibit 2.

25. noLimits uses, manufactures, sells, offers to sell and/or imports into the United States products that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of at least claims 7, 9, 11-14, 16, 19-24, 27, 29-31, 33-36, 38, 41-42, and 49-50 of the '038 patent. Such products include the Accused Products.

26. Upon information and belief, noLimits is aware of the '038 patent and that one or more of the Accused Products infringes one or more of at least claims 7, 9, 11-14, 16, 19-24, 27, 29-31, 33-36, 38, 41-42, and 49-50 of the '038 patent.

27. Upon information and belief, noLimits could not reasonably believe that the asserted claims of the '038 patent are invalid. Accordingly, noLimits has willfully infringed the '038 patent.

28. noLimits is liable for infringement of the '038 patent pursuant to 35 U.S.C. § 271.

### *Count Two: Infringement of U.S. Patent No. RE40,653*

29. Escort incorporates the allegations of paragraphs 1-28 as if fully set forth at this point.

30. The USPTO duly and properly reissued the '653 patent entitled "Radar detector for detecting police radar that receives GPS data" on March 10, 2009. The '653 patent was duly assigned to Escort, which is the assignee of all right, title, and interest in and to the '653 patent. Escort possesses the exclusive right of recovery for past, present, and future infringement. noLimits infringes the '653 patent's valid and enforceable claims. A true and correct copy of the '653 patent is attached hereto as Exhibit 3.

31. noLimits uses, manufactures, sells, offers to sell and/or imports into the United States products that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of at least claims 22, 25-34, 36-38, 41-47, and 49-50 of the '653 patent. Such products include the Accused Products.

32. Upon information and belief, noLimits is aware of the '653 patent and that one or more of the Accused Products infringes one or more of at least claims 22, 25-34, 36-38, 41-47, and 49-50 of the '653 patent.

33. Upon information and belief, noLimits could not reasonably believe that the asserted claims of the '653 patent are invalid. Accordingly, noLimits has willfully infringed the '653 patent.

34. noLimits is liable for infringement of the '653 patent pursuant to 35 U.S.C. § 271.

### *Count Three: Infringement of U.S. Patent No. 7,576,679*

35. Escort incorporates the allegations of paragraphs 1-34 as if fully set forth at this point.

36. The USPTO duly and properly issued the '679 patent entitled "Radar detector with position and velocity sensitive functions" on August 18, 2009. The '679 patent was duly assigned to Escort, which is the assignee of all right, title, and interest in and to the '679 patent. Escort possesses the exclusive right of recovery for past, present, and future infringement. noLimits infringes the '679 patent's valid and enforceable claims. A true and correct copy of the '679 patent is attached hereto as Exhibit 4.

37. noLimits uses, manufactures, sells, offers to sell and/or imports into the United States products that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of at least claims 1-3, 10-12, 28-33, and 40-43 of the '679 patent. Such products include the Accused Products.

38. Upon information and belief, noLimits is aware of the '679 patent and that one or more of the Accused Products infringes one or more of at least claims 1-3, 10-12, 28-33, and 40-43 of the '679 patent.

39. Upon information and belief, noLimits could not reasonably believe that the asserted claims of the '679 patent are invalid. Accordingly, noLimits has willfully infringed the '679 patent.

40. noLimits is liable for infringement of the '679 patent pursuant to 35 U.S.C. § 271.

## PRAYER FOR RELIEF

WHEREFORE, Escort prays that this Court enter a judgment in favor of Escort and against noLimits on all claims that:

(1) Awards monetary damages to Escort sufficient to compensate Escort for NoLimits' patent infringement;

(2) Awards any and all additional damages the Court allows pursuant to 35 U.S.C. § 284;

(3) Preliminarily and permanently enjoins noLimits, its officers, employees, agents, and all persons acting in participation or concert with noLimits from further infringement of the Asserted Patents, or in the alternative, awards an ongoing royalty for each infringing noLimits product, including any future products that contain the infringing features of the Accused Products;

(4) Finds this case to be exceptional and awards Escort its costs and reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

(5) Awards Escort all taxable costs and pre- and post-judgment interest; and

(6) Grants such other and further relief that the Court finds is just and proper.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT—Page 8**

Dated: May 9, 2018

    Respectfully submitted,

    */s/ John D. Luken*
    John D. Luken, Trial Attorney (0013326)
    E-Mail: john.luken@dinsmore.com
    DINSMORE & SHOHL LLP
    255 E. Fifth Street, Suite 1900
    Cincinnati, OH 45202
    Telephone: (513) 977-8200
    Facsimile: (513) 977-8141

    *Of Counsel :*
    Megan M. O'Laughlin (*pro hac vice to be filed*)
    E-Mail: molaughlin@hitchcockevert.com
    HITCHCOCK EVERT LLP
    750 North St. Paul Street, Suite 1110
    Dallas, TX 75201
    Telephone: (214) 953-1111
    Facsimile: (214) 953-1121

    COUNSEL FOR PLAINTIFF

## JURY DEMAND

Escort hereby requests a trial by jury of this action.

Dated: May 9, 2018

                                          Respectfully submitted,

*/s/ John D. Luken*
John D. Luken, Trial Attorney (0013326)
E-Mail: john.luken@dinsmore.com
DINSMORE & SHOHL LLP
255 E. Fifth Street, Suite 1900
Cincinnati, OH 45202
Telephone: (513) 977-8200
Facsimile: (513) 977-8141

*Of Counsel :*
Megan M. O'Laughlin (*pro hac vice to be filed*)
E-Mail: molaughlin@hitchcockevert.com
HITCHCOCK EVERT LLP
750 North St. Paul Street, Suite 1110
Dallas, TX 75201
Telephone: (214) 953-1111
Facsimile: (214) 953-1121


COUNSEL FOR PLAINTIFF