# **EXHIBIT 1**

Case: 1:18-cv-00323-SJD-KLL Doc #: 1-1 Filed: 05/09/18 Page: 1 of 4 PAGEID #: 11

# Hitchcock · Evert

March 8, 2018

NoLimits Enterprises Inc.                                                              *Via Federal Express*
c/o Jonathan Dandrow
3721 Ashworth Drive, Unit D
Cincinnati, Ohio 45208

        Re:     <u>NoLimits' Infringement of Escort's Patents and Cobra's Registered Trademarks</u>

Dear Mr. Dandrow:

    By way of introduction, this firm represents Escort Inc. ("Escort") and Cobra Electronics Corporation ("Cobra") in certain intellectual property matters. It has recently come to our attention that NoLimits Enterprises Inc. ("NoLimits") has infringed and is currently infringing multiple claims of U.S. Patent No. RE39,038, U.S. Patent No. RE40,653, and U.S. Patent No. 7,576,679, all of which are owned by Escort. NoLimits is likewise infringing U.S. Registration No. 4,999,769 for AUTOCITY® and U.S. Registration No. 2,136,176 for LASEREYE®, which are owned by Cobra. The purpose of this letter to make it clear in no uncertain terms that NoLimits' infringement must immediately cease and NoLimits must compensate both Escort and Cobra appropriately and completely. If NoLimits fails to cooperate in redressing its infringement, our clients will have no choice but to commence litigation to protect their valuable intellectual property rights.

**Patent Infringement**

    At the outset, it is our understanding that NoLimits reached out to Escort just prior to the 2018 Consumer Electronics Show (CES) held between January 9th and 12th. The reason NoLimits reached out is that it learned that Escort had filed a lawsuit against Uniden as a result of Uniden's infringement of U.S. Patent No. RE39,038, U.S. Patent No. RE40,653, and U.S. Patent No. 7,576,679. It is clear to us that NoLimits contacted Escort because NoLimits recognized that it was infringing the same patents. Specifically, NoLimits' Radenso Pro M detector and Radenso XP detector each have the same types of features that form the basis of Escort's infringement claims in the Uniden litigation.

    For example, Escort's patented features include the following: (1) GPS anti-falsing; (2) known frequency anti-falsing; (3) mute button controls; and (4) capability for users to control alerts based on speed and location. The Radenso Pro M listing touts these exact features:

> *Using GPS, the Pro M remembers common false alerts along your regularly driven routes so you never have to listen to the same false alert twice. Simply press and hold a single button to add a GPS lockout. Additional features include automatic muting below a user-selected speed and automatic sensitivity adjustment based on current speed.*

It is no wonder, then, that NoLimits became concerned when it learned of the claims against Uniden. That it subsequently ignored its infringement rather than takes steps to remedy it is decidedly less understandable. As you are likely aware, the validity of Escort's U.S. Patent No. RE39,038 and U.S. Patent No. RE40,653 patents have been tested in both litigation and reexamination. The claims that NoLimits is infringing emerged from reexamination unchanged. NoLimits simply has no viable defense.

    On that subject, to the extent NoLimits believes it is protected by the patent license to its manufacturer, B&M Merchandise LLC ("B&M"), it is wrong. The license grants B&M the right to practice the

**HITCHCOCK EVERT LLP**

March 8, 2018
Page 2

claims of U.S. Patent No. RE39,038 and U.S. Patent No. RE40,653 solely for products sold *under the trademarks or trade names of B&M*. B&M's trademarks and trade names, of course, do not include the RADENSO® trademark. Indeed, the license to B&M expressly prohibits it from making products for another party for sale under that party's trademarks. The B&M license thus offers NoLimits no defense.

Moreover, the B&M license does not include U.S. Patent No. 7,576,679 (the '679 patent). The claims of the '679 patent relate to location-based alert suppression, user marks of false alerts, and incorporating a mini-USB jack for interface with a computer. Based upon the description of the advertised features of the Radenso XP and the Radenso Pro M, both radar detectors contain this patented functionality.

Not only has NoLimits infringed Escort's patents, it almost certainly has committed willful infringement. For example, NoLimits has publicly stated that the Radenso Pro M was first offered for sale in the US in late January—well after NoLimits reached out to Escort about the Uniden lawsuit. This strongly suggests that NoLimits pressed ahead with releasing the Radenso Pro M with actual knowledge that it infringed the '679 patent—or, in other words, committed willful patent infringement.

We trust that NoLimits is prepared to remedy its infringement. Otherwise, it must prepare for litigation.

**Trademark Infringement**

NoLimits must also remedy its trademark infringement. The same models that infringe Escort's patents—the Radenso XP and the Radenso Pro M—also infringe Cobra's AUTOCITY® and LASEREYE® trademarks. LASEREYE® has been registered in the United States since 1998 and is incontestable. AUTOCITY® has been registered since July 2016 and has a priority date of May 2015—well before the Radenso XP was released on the market.

NoLimits is using marks identical to Cobra's AUTOCITY® and LASEREYE® trademarks for the identical goods in violation of 15 U.S.C. § 1114. This entitles Cobra to recover NoLimits' profits as well as its damages and attorneys' fees.

**Actions Necessary to Avoid Litigation**

In order to avoid escalation of this matter, NoLimits must take immediate action to remedy both its patent and trademark infringement. Escort and Cobra demand that NoLimits:

1. Immediately cease all sales in the United States of the Radenso Pro M detector and the Radenso XP radar detectors, as well as any other radar/laser detector that infringes on U.S. Patent No. RE39,038, U.S. Patent No. RE40,653, and/or U.S. Patent No. 7,576,679;

2. Recall all infringing radar and laser detectors from any retailer or other third-party reseller who currently stocks the infringing products;

3. Cancel all customer orders for infringing products that have not been shipped;

4. Provide Escort with an accounting of infringing units in process at NoLimits' supplier(s), in transit to NoLimits from its supplier(s), and in NoLimits' custody or control;

**HITCHCOCK EVERT LLP**

March 8, 2018
Page 3

5. Identify all sales of infringing radar and laser detectors in the United States, specifically stating:

   a. Whether the sale was directly to a consumer or to a retailer or other third-party reseller;
   b. The identity of the retailers or other third-party resellers to whom the infringing products were sold;
   c. The date(s) of such sales;
   d. All revenue NoLimits received from such sales; and
   e. The price at which the products were offered to consumers;

6. Agree to pay Escort both a reasonable royalty for each infringing product sold and its attorneys' fees;

7. Immediately cease all use of AUTOCITY® as a trademark, trade name, service mark, and source identifier;

8. Immediately cease all use of LASEREYE® as a trademark, trade name, service mark, and source identifier;

9. Replace all printed materials bearing the AUTOCITY® and LASEREYE® trademarks with content that does not infringe Cobra's trademarks;

10. Replace all digital, print, television, outdoor, or other type of signage or advertisement with content that does not infringe Cobra's trademarks; and

11. Pay Cobra a reasonable license fee for past use of the AUTOCITY® and LASEREYE® trademarks and its attorneys' fees.

The foregoing proposed settlement terms represent NoLimits' best-case scenario for resolving this matter. If Escort and Cobra are forced to obtain a court judgment after protracted litigation, NoLimits is at great risk of paying substantial attorneys' fees—Escort's, Cobra's, and its own—along with damages.

Please forward your written response to me no later than March 19. If you are represented by counsel in this matter, please provide this correspondence to counsel for response.

Sincerely yours,

Megan M. O'Laughlin

cc: Chris Cowger – *Cedar Electronics Holdings Corp.*
Elisabeth A. Evert, Esq. – *Hitchcock Evert LLP*
John T. Tower, Esq. – *Hitchcock Evert LLP*